UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SADIN TINEO, | No. 19-cv-19403 (NLH) (AMD) |
| Plaintiff, | |
| v. | OPINION |
| FEDERAL BUREAU OF PRISONS, | |
| Defendant. | |

APPEARANCES:

Sadin Tineo
Reg. No. 50451-066
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

    Plaintiff, pro se

HILLMAN, District Judge

    Plaintiff Sadin Tineo, currently incarcerated at FCI Fairton, is proceeding in forma pauperis against Respondent Federal Bureau of Prisons (BOP), alleging arbitrary and capricious denial of Plaintiff's request to transfer cells because of the constant noise from a nearby shooting range. IFP Order, ECF No. 5; Complaint, ECF No. 1, ¶¶ 1-3. Plaintiff alleges that the "non-stop sounds of gunfire" have caused him significant mental distress. Id.

    Pursuant to 28 U.S.C. § 1915(e)(2), the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious or for failure to state a claim upon which

relief may be granted.  For the reasons and to the extent discussed below, Administrative Procedure Act (APA) relief is unavailable to Plaintiff, but the Complaint may nevertheless proceed because it states an Eighth Amendment claim for injunctive relief challenging the conditions of his confinement.

I.   BACKGROUND[1]

Before his incarceration at Fairton, Plaintiff was incarcerated at FCI McKeen in Pennsylvania from April 2018 to July 2019, where he was assaulted by other inmates.  In Forma Pauperis Appl., ECF No. 4, ¶ 2; ECF No. 1, ¶ 3.  Plaintiff alleges that his Fairton cell faces a shooting range/training facility,[2] which has resulted in "mental abuse," specifically loss of sleep, paranoia, concentration lapses, anxiety, instability, and "hear[ing] voices," conditions exacerbated, in Plaintiff's estimation, by Fairton's use of psychologists rather than psychiatrists for treatment, and his prior assault at McKeen.  Id.  Plaintiff asserts that his requests for a cell change have been denied, and thus the Complaint seeks a cell change and an order enjoining retribution against Plaintiff for filing the Complaint.  Id.

---

[1] The factual allegations from the Complaint are accepted as true for screening purposes only.

[2] It is unclear whether the shooting range is associated with Fairton.

II.   STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires district courts to review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, seeks redress against a governmental employee or entity, or brings a claim with respect to prison conditions.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal

3

quotation marks omitted). "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)). However, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

III. DISCUSSION

A.  APA

Plaintiff asserts that this Court has jurisdiction pursuant to the APA, 5 U.S.C. § 701, et seq., and challenges the "arbitrary and capricious" denial of Plaintiff's request to move to a cell not facing a shooting range. Generally, the APA "makes reviewable any final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; Foehl v. United States, 238 F.3d 474, 477 n.3 (3d Cir. 2001). However, the BOP's inmate housing determinations, which are governed by 18 U.S.C. § 3621(b), are excluded from the APA. 18 U.S.C. § 3625; Murray v. Young, No. 12-1673, 2012 WL 5398628, at *5 (M.D. Pa. Nov. 5,

4

2012) (holding that APA does not apply to claims challenging placement in special management unit) (citing Brown v. Fed. Bureau of Prisons, 602 F. Supp. 2d 173, 176 (D.D.C. 2009)).

Though an APA claim is unavailable, Plaintiff may assert constitutional claims challenging the conditions of confinement. See Johnson v. Warden Canaan USP, 699 F. App'x 125, 126 (3d Cir. 2017) ("The proper means for seeking relief for these conditions of confinement claims is a civil rights action against the Bureau of Prisons under Bivens, ... after available administrative remedies have been exhausted."); Hill v. Holder, 12-2268, 2012 WL 5837586, at *2, n.3 (M.D. Pa. Nov. 16, 2012) (denying without prejudice the habeas petition containing the APA claim, and determining that a civil rights action was more appropriate), aff'd sub nom. Hill v. Attorney Gen. U.S., 518 F. App'x 75 (3d Cir. 2013); Davis v. Beeler, 966 F. Supp. 483, 489 (E.D. Ky. 1997) (holding that "where Congress specifically excludes the APA by statute," courts may review constitutional claims) (citing Webster v. Doe, 486 U.S. 592, 601 (1988)).

Because Plaintiff seeks only injunctive relief, his failure to name individual defendants is not a barrier. See Argueta v. U.S. Immigration & Customs Enf't, 643 F.3d 60, 77 (3d Cir. 2011) (dismissing confinement conditions claim against Attorney General in official capacity, but "emphasiz[ing] that ... [plaintiffs] are still free to pursue their official capacity claims for

5

injunctive relief against any further intimidation or unlawful entry into their home"); see Hubbard v. U.S. EPA Adm'r, 809 F.2d 1, 11 n.15 (D.C. Cir. 1986) ("The court's power to enjoin unconstitutional acts by the government ... is inherent in the Constitution itself.") (citing Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803)); Royer v. Fed. Bureau of Prisons, 933 F. Supp. 2d 170, 182 n.11 (D.D.C. 2013) (holding that although a prisoner characterized his claims against the BOP as Bivens claims and such claims are available only against individuals, not the United States or its agencies, Plaintiff's claims were in fact equitable in nature and thus permitted by 5 U.S.C. § 702) (citing Bivens, 403 U.S. at 400 (Harlan, J., concurring)).

B.   Eighth Amendment

   1.   Noise

Plaintiff's Complaint alleges harm stemming from the constant sound of nearby gunfire.  He seeks transfer to a cell away from the shooting range and to enjoin retaliation for filing this Complaint.  Because the Complaint states a plausible Eighth Amendment claim challenging the conditions of confinement, that claim may proceed.

Under the Eighth Amendment, at a minimum, prison officials have a duty to provide humane conditions of confinement, including "adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the

6

inmates.'"  Farmer v. Brennan, 511 U.S. 825, 832 (1994). Generally, a prisoner asserting an Eighth Amendment conditions of confinement claim must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities[,]" i.e., food, clothing, shelter, sanitation, medical care, and personal safety. Id. at 834 (1994) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  When analyzing a confinement conditions claim, courts consider the totality of the conditions.  See Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

High levels of noise are not per se Eighth Amendment violations; a violation requires a risk of injury, which can include psychological injury stemming from persistent noise and lack of sleep.  See Whitney v. Wetzel, 649 F. App'x 123, 127 (3d Cir. 2016) (finding that noise in the prison's special management unit was "irritating," not "so excessive and pervasive that it posed a serious risk of injury") (citing Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994) ("Subjecting a prisoner to a few hours of periodic loud noises that merely annoy, rather than injure the prisoner does not demonstrate a disregard for the prisoner's welfare." (emphasis added))); Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996) (denying summary judgment where plaintiff alleged that "at all times of day and night inmates were screaming, wailing, crying, singing and yelling, often in

7

groups, and that there was a constant, loud banging."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); Grubbs v. Bradley, 552 F. Supp. 1052, 1123 (M.D. Tenn. 1982) (declaring conditions to be Eighth Amendment violations where, among other things, "excessive noise level results from constant activity within the cells, including the frequently simultaneous use of radios and televisions, as well as constant talking (sometimes shouting to be heard above the noise), the flushing of toilets and the clanging of cell doors, ... 'enough to literally set your teeth on edge[.]'"); cf. Hutchings v. Corum, 501 F. Supp. 1276, 1293 (W.D. Mo. 1980) ("Although the lights are left on all night and there is a high noise level at night, ... [a]ll the evidence showed was limited testimony that these conditions resulted in difficulties in sleeping at night. ... There was no evidence indicating that the inmates are unable to sleep at all or that they have developed psychological or physiological problems.").

"A condition which might not ordinarily violate the Eighth Amendment may nonetheless do so if it persists over an extended period of time." Antonelli v. Sheahan, 81 F.3d 1422, 1433 (7th Cir. 1996) (noise occurring every night, often all night, interrupting or preventing sleep, sufficient to state an Eighth Amendment claim) (citing Williams v. Boles, 841 F.2d 181, 183 (7th Cir. 1988) (infliction of incessant noise, even if it causes only agony and not enduring injury, may be a due process

8

violation)).  Here, Plaintiff alleges constant noise either inflicting or exacerbating (or both) his significant mental distress.  This is sufficient to state an Eighth Amendment claim, and thus this component of Plaintiff's claim may proceed.

    2.   <u>Deliberate Indifference</u>

Plaintiff also appears to allege that he has been denied adequate care for the psychological harm allegedly caused by the noise.  The Eighth Amendment's proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-04 (1976).  To set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  <u>Id.</u> at 106.

The first prong of the <u>Estelle</u> inquiry requires a demonstration that the medical needs are serious.  Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss.  <u>Monmouth Cty. Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987).  "A serious medical need may exist for psychological or psychiatric

9

treatment, just as it may exist for physical ills." Mattern v. City of Sea Isle, 657 F. App'x 134, 139 (3d Cir. 2016). Here, Plaintiff has alleged mental health issues determined by Fairton authorities to be serious enough to warrant at least some treatment. Tate v. Wiggins, 805 F. App'x 159, 163 (3d Cir. 2020) (finding that Plaintiff stated a claim for deliberate indifference where medical staff determined that initial complaints warranted a referral to the psychology department).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer, 511 U.S. at 837-38. A prisoner's subjective dissatisfaction with his medical care does not, in itself, indicate deliberate indifference. Andrews v. Camden Cty., 95 F. Supp. 2d 217, 228 (D.N.J. 2000). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed

10

judgment has, in fact, been made." Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

Here, the Complaint is limited to an allegation that Fairton lacks a staff psychiatrist to "discuss and address the seriousness" of Plaintiff's claim, and that Fairton employs only psychologists who "are not trained or skilled[] to assess [Plaintiff's] mental issues." ECF No. 1 ¶ 3. Although deliberate indifference to an inmate's serious need can be found even where some affirmative action has been taken, Plaintiff's complaint lacks any objective indication that the care provided was "so inadequate as to shock the conscience." Torraco v. Maloney, 923 F.2d 231, 235 (1st Cir. 1991) (rejecting argument that the failure to provide inmate with the care of a psychiatrist, as opposed to a psychologist, violates the eighth amendment); cf. Estate of Allen v. Cumberland Cty., No. 15-6273, 2018 WL 1293154, at *10 (D.N.J. Mar. 13, 2018) ("Courts have found ... deliberate indifference where a defendant, despite believing the decedent should be assessed by a psychiatrist and knowing that the decedent never met with any psychologist or psychiatrist, and herself having no licenses or certifications, lowered the detainee's Suicide Watch Level."). Accordingly, Plaintiff's deliberate indifference claim fails to state a claim and will be dismissed.

C.   Retaliation

Finally, Plaintiff's Complaint seeks to enjoin retaliation against Plaintiff for filing this Complaint. To the extent that the Complaint may be construed as seeking preliminary injunctive relief, that "is an extraordinary remedy and appropriate only in limited circumstances." State Troopers Fraternal Ass'n of New Jersey, Inc. v. New Jersey, 585 F. App'x 828, 830 (3d Cir. 2014) (internal citations and quotation marks omitted). "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Id. "The burden lies with the plaintiff to establish every element in its favor." Id.

"[A] plaintiff seeking an injunction must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical." Marcavage v. Nat'l Park Serv., 666 F.3d 856, 862 (3d Cir. 2012. "In order to obtain standing for prospective relief, the plaintiff must establish a real and immediate threat that he would again be the victim of the allegedly unconstitutional practice." Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987). Here, there is no suggestion in the record of any retribution—-past, present, threatened, or

12

otherwise.  Accordingly, Plaintiff has not demonstrated any basis for his retaliation claim, or for preliminary injunctive relief on that basis.  See Chavis v. United States, 597 F. App'x 38, 41-42 (3d Cir. 2014) (affirming dismissal of motion for preliminary injunction seeking to enjoin retaliation where plaintiff did not plead protected activity or any other facts to support a determination that plaintiff was likely to suffer future retaliation).

IV.  CONCLUSION

For the reasons above, the Complaint may proceed solely as to the Eighth Amendment/confinement conditions claim for injunctive relief related to the noise emanating from a nearby shooting range.  All other claims are dismissed without prejudice for failure to state a claim.  To the extent that Plaintiff seeks a preliminary injunction, that request is denied without prejudice.

An appropriate order follows.


Dated: February 23, 2021           s/ Noel L. Hillman   
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.